MABEL SCOTT, as Executrix, etc., of ALEXANDER SCOTT, Deceased, Appellant, *v.* HAGOP KEVORKIAN, Respondent.

First Department, December 23, 1927.

Joint ventures — accounting — joint venture did not continue after death of plaintiff's testator — improper to direct sale of property held in joint venture after termination thereof and decree defendant had right to profit thereon — although Appellate Division might restate account, justice requires a new trial.

Plaintiff's testator and defendant entered into a joint venture under the terms of which plaintiff's testator consigned to the defendant certain objects of art for sale, the profits to be divided and the defendant to have a lien for advances. Plaintiff's testator sold defendant one statue on which defendant had a lien under the joint venture and received partial payment in cash on account. Defendant debited himself with the unpaid price of this statue and credited himself with advances to plaintiff's testator not technically within the joint venture under the belief that the accounting was to state the entire account between parties. When plaintiff objected to the credits as not within the joint venture, defendant voluntarily withdraw these credits and the referee disallowed these debits as not within the joint venture. This was error. The entire account between the parties should have been stated, since they bore directly upon the net balance of advances for which defendant had a lien, and in view of defendant's voluntary withdrawal of the credit items it is impossible from the record to determine whether or not defendant is entitled to credit for the credits thus withdrawn. Therefore, the Appellate Division will not restate the account, but will order a new trial.

The judgment directed that when the pledged objects of art were finally sold by the receiver the defendant should be entitled to have one-half the profit thereon in addition to his advances and interest on the theory that the joint venture was continuing. This theory is erroneous, since the joint venture was terminated, and defendant is not entitled to half the profit upon the merchandise unsold.

DOWLING, P. J., dissents.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 11th day of March, 1927, and also from an order entered on the 27th day of January, 1927, with notice of intention to bring up for review the interlocutory judgment entered on the 27th day of March, 1926.

*Herman S. Hertwig* of counsel [*John P. Allee* with him on the brief; *Everett, Clarke & Benedict,* attorneys], for the appellant.

*Monroe J. Cahn,* for the respondent.

PROSKAUER, J. Plaintiff's testator and defendant entered into an agreement of joint venture, by which Scott consigned to Kevorkian certain objects of art for sale upon the understanding that profits were to be divided and Kevorkian was to have a lien for advances. In the complaint it is charged that Kevorkian was guilty of fraud with respect to the sale of an Indian sandstone statue. The trial court properly determined this issue in Kevorkian's favor. Eliminating this claim, both parties agreed to an accounting and an interlocutory judgment was made directing a reference to take and state the account.

We have examined a record of nearly 800 pages, keenly sensible of the wasteful cost of this litigation to the parties, in the endeavor to find a basis upon which final judgment could be ordered without resort to a new trial of the issues referred by the interlocutory judgment. The proceedings before the referee, however, were conducted by counsel with such rigorous insistence on technicality that we are unable to find in the record the basis for a judgment which we can say would be fair to both parties. We are constrained to reverse the final judgment for two reasons.

During his lifetime Scott sold to Kevorkian for $6,000 one of the objects of art upon which Kevorkian had a lien, and received a partial payment of $500 in cash on account. Two other similar sales amounted to $530. In his account as filed Kevorkian debited himself with these amounts under the belief that the reference was to determine the entire account between the parties. During the course of the reference, plaintiff's counsel insistently urged that only those transactions directly involved in the joint account should be considered by the referee and that all other transactions between Kevorkian and Scott should be excluded. Thereupon plaintiff's counsel asked and received from the referee permission to withdraw these debits and in the final account no credit is given to the plaintiff by reason of these admitted sales. It was, however, clearly pertinent to the joint venture because it bore directly upon the net balance of advances for which Kevorkian had a lien. The present judgment directs the sale of the property to satisfy Kevorkian's lien for an amount which is admittedly not the actual amount of the indebtedness. In allowing the amendment the referee stated that he would allow the objections to be amended so as to include these items and would regard their inclusion in the original account as an admission against interest by Kevorkian.

But this ruling is not reflected in the final judgment. While the error was in part induced by the attitude of plaintiff's counsel, we cannot escape the conclusion that an injustice may have been done to the plaintiff. We are prevented from restating the account because at the time Kevorkian withdrew these debits from his account before the referee, he also withdrew certain items of credit totaling $2,120, and we are unable from the record to decide whether or not he is entitled to be credited with this sum.

The referee also erred in one other respect. He directed that when the pledged objects of art were finally sold by the receiver, Kevorkian should be entitled to half the profit thereon in addition to his advances and interest on the theory that the joint venture was continuing. Kevorkian, however, was to receive half the profits for selling the goods. The joint venture has not continued. It has been dissolved. The merchandise belongs to the plaintiff subject to Kevorkian's lien. There is no reason why Kevorkian should receive half the profit upon the merchandise unsold at the time the parties severed their relations.

The referee's decision as to the other claims urged by the appellant rests upon sharply contested issues of fact. We do not think his rulings as to them are against the weight of evidence presented by this record.

For these reasons the order confirming the referee's report and the final judgment entered thereon should be reversed and the matter remitted to an official referee for rehearing in accordance with this opinion.

FINCH, McAVOY and MARTIN, JJ., concur; DOWLING, P. J., dissents.

Judgment and order reversed and the matter remitted to an official referee for rehearing in accordance with opinion. Settle order on notice.